**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRON BENTAY SPRINGFIELD, | No. 18-56584 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08079-DDP-AGR |
| v. | |
| G. MARSHALL, Lieutenant; Senior Hearing Officer, individual, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Ciron Bentay Springfield appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging a retaliation claim.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Williams v. Paramo*, 775 F.3d 1182,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1191 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment on Springfield's retaliation claim because Springfield failed to exhaust administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit; and describing limited circumstances in which administrative remedies are unavailable (citation and internal quotation marks omitted)); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**